IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:19-CV-22-FL

| | | |
|---|---|---|
| CALVIN R. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BERTIE COUNTY BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to dismiss plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The issues raised have been fully briefed, and in this posture are ripe for ruling. For the reasons that follow, defendant's motion is granted.

**STATEMENT OF THE CASE**

Plaintiff, proceeding pro se, commenced this action on July 3, 2019. Plaintiff alleges claims against defendant for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., negligent infliction of emotional distress, breach of contract, and loss of consortium. Plaintiff incorporates by reference several documents attached to the complaint, including correspondence related to his claim made under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301–4335; plaintiff's performance evaluation; correspondence regarding school employee evaluations; letters from Steven Hill ("Hill"), then defendant's superintendent,

suspending and later reassigning plaintiff; plaintiff's employment contract; plaintiff's approval of disability benefits; correspondence from Catherine Edmonds ("Edmonds"), then superintendent, formally recommending nonrenewal of plaintiff's contract; correspondence related to hearing on the superintendent's recommendation; and plaintiff's second charge of discrimination.

On July 29, 2019, defendant filed the instant motion to dismiss. In support of its motion, defendant relies upon two charges of discrimination filed by plaintiff with the Equal Employment Opportunity Commission ("EEOC"), plaintiff's first right to sue letter issued by the EEOC, affidavits from Melody Coons ("Coons") and Charlene Jones ("Jones"), and a description of the teacher appraisal performance process.

## STATEMENT OF FACTS

The facts alleged in the complaint can be summarized as follows.[1] Plaintiff was hired by defendant in 1997. (Compl. ¶ 12). While serving as principal of Bertie High School during the fall of 2008, plaintiff was called away for military duty. (Id. ¶ 13). Upon returning from service on or about February 22, 2010, defendant reassigned plaintiff to serve as assistant principal at Bertie Middle School. (Id. ¶ 14). Plaintiff filed a USERRA claim with the United States Department of Labor, which after investigation determined that defendant had violated USERRA. (Id. ¶¶ 15, 17; July 8, 2010 USERRA Letter (DE 1-1) at 1–2). After being transferred several times, plaintiff was reinstated as principal of Bertie High School in December 2015. (Compl. ¶¶ 19–21). Plaintiff was rated "proficient" or "accomplished" in his performance evaluation. (Id. ¶ 22; 2015–16 Performance Evaluation).

---

[1] "A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

One of plaintiff's tasks was to evaluate both classified and certified personnel. (Compl. ¶ 23). On January 25, 2016, defendant's chief human resources officer emailed plaintiff a copy of the observation schedule. (Id. ¶¶ 23, 25; Observation Schedule (DE 1-3) at 3–4). Plaintiff alleges that all evaluations listed on the observation chart timely were completed by himself or assistant principals. (Compl. ¶¶ 25, 26). However, defendant's human resources officer informed plaintiff seven evaluations had not been completed. (Id. ¶ 26; Aug. 4, 2016 Email (DE 1-4) at 1). Plaintiff alleges the seven identified individuals were not listed on the observation schedule, and he was not made aware of the needed evaluations. (Compl. ¶ 27).

On or about April 26, 2017, Emma Johnson ("Johnson"), one of the members of defendant's school board, recommended that all staff members that failed to complete their evaluations should be fired. (Id. ¶ 29). Plaintiff was suspended with pay pending investigation into whether defendant failed to properly carry out his duty to evaluate employees at Bertie High School. (Id.; April 28, 2017 Letter (DE 1-6) at 1). Following investigation, plaintiff was transferred to Bertie Early College to serve as a science teacher, and informed the superintendent would not recommend renewal of his administrator contract. (Compl. ¶ 30; July 10, 2017 Letter (DE 1-7) at 1–2). On April 25, 2018, the new superintendent recommended that plaintiff's administrator contract be terminated, citing plaintiff's failure to properly complete evaluations. (Compl. ¶ 33; Apr. 25, 2018 Letter (DE 1-10) at 1–2). Defendant terminated plaintiff's contract on or about June 30, 2018. (Compl. ¶ 33; Second EEOC Charge (DE 1-11) at 3).

Additional facts pertinent to the instant motion will be discussed below.

## DISCUSSION

A.   Standard of Review

"The objection that a federal court lacks subject-matter jurisdiction, see Fed. R. Civ. P. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006). "Rule 12(h)(3) instructs: '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'" Id. (citing Fed. R. Civ. P. 12(h)(3)). A party challenging the court's matter jurisdiction may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where the court considers "facial challenges to standing that do not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the court "may properly take judicial notice of matters of public record." Sec'y of State For Defence v. Trimble Navigation

Ltd., 484 F.3d 700, 705 (4th Cir. 2007) (internal citations omitted). Additionally, the court "may consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Id.

B.  Analysis

  1.  Statute of Limitations

"Ordinarily, a defense based on the statute of limitations must be raised by the defendant through an affirmative defense, see Fed. R. Civ. P. 8(c), and the burden of establishing the affirmative defense rests on the defendant." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). "[A] motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein." Brockington v. Boykins, 637 F.3d 503, 506 (4th Cir. 2011). Dismissal under Rule 12(b)(6) based on affirmative defenses only "is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." Id.

Under Title VII, plaintiff must exhaust his administrative remedies by first filing a charge with the Equal Employment Opportunity Commission ("EEOC"). Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). This charge must be filed within 180 days of each discrete adverse employment action described in the complaint unless plaintiff had previously filed with other authorities not applicable in this case. See, e.g., 42 U.S.C. § 2000e–5(e)(1); 29 U.S.C. § 626(d); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180– or 300–day time period after the discrete discriminatory act occurred."). Once the EEOC closes its investigation and plaintiff receives a right to sue letter,

5

plaintiffs have a 90-day period in which to file their claims in court. 42 U.S.C. § 2000e–5(f)(1); see also Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir. 1993).

"The ninety-day statute of limitations period for Title VII actions is not tolled because the initial action was dismissed without prejudice." Mann v. Standard Motor Prod., Inc., 532 F. App'x 417, 418 (4th Cir. 2013); Angles v. Dollar Tree Stores, Inc., 494 F. App'x 326, 329 (4th Cir. 2012); see Hyman v. City Of Gastonia, 466 F.3d 284, 288 (4th Cir. 2006) (explaining that without-prejudice dismissals that contemplate the plaintiff refiling a new action do not exempt a new action from a statute of limitations defense); Mendez v. Elliot, 45 F.3d 75, 78 (4th Cir. 1995) (same).

Plaintiff filed his first charge of discrimination on September 26, 2017.[2] (First EEOC Charge (DE 9-2) at 1). His right to sue letter was issued by the EEOC on March 6, 2018. (First Right to Sue Letter (DE 9-3) at 1). Plaintiff initiated his first action against defendant on May 22, 2018. Moore v. Bertie County School System, No. 2:18-CV-21-FL, DE 1 (E.D.N.C. May 22, 2018). The court granted plaintiff's motion to voluntarily dismiss the case without prejudice on July 25, 2018. See Moore v. Bertie County School System, No. 2:18-CV-21-FL, DE 19 (E.D.N.C. July 24, 2018). Because plaintiff's first lawsuit did not toll the statute of limitations for filing an action within 90 days, he was required to file his lawsuit not later than June 4, 2018. The instant action was commenced July 3, 2019. Therefore, his first charge of discrimination is barred by the statute of limitations.

Plaintiff filed his second charge of discrimination on July 24, 2018, alleging substantially the same allegations but adding that he was wrongfully terminated on June 30, 2018 for filing an EEOC action in October 2017. (Second EEOC Charge (DE 11-1) at 3). The first charge of discrimination was filed September 26, 2017, while the second charge of discrimination was filed

---

[2] The court takes judicial notice of plaintiff's first EEOC charge (DE 9-2), first right to sue letter (DE 9-3), and filings in this court as matters of public record. See Trimble Navigation, 484 F.3d at 705.

July 24, 2018. (First EEOC Charge (DE 9-2) at 1; Second EEOC Charge (DE 11-1) at 3). All transactions or occurrences described in the first charge of discrimination must have occurred more than 180 days before the second charge was filed. With one exception, all of plaintiff's Title VII discrimination and retaliation claims are barred by the statute of limitations, and therefore dismissed with prejudice. Plaintiff's only timely claim was that he was unlawfully terminated on or about June 30, 2018, in retaliation for filing his first charge of discrimination.

    2.    Title VII Retaliation

Title VII makes it unlawful "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). "The elements of a prima facie retaliation claim under Title VII are: (1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). "Under the applicable legal principles, in the context of a retaliation claim, a 'protected activity' may fall into two categories, opposition and participation." E.E.O.C. v. Navy Fed. Credit Union, 424 F.3d 397, 406 (4th Cir. 2005). "Participation" protected activity includes making a charge of discrimination to the EEOC. See 42 U.S.C. § 2000e-3(a).

"An employee may establish prima facie causation simply by showing that (1) the employer either understood or should have understood the employee to be engaged in protected activity and (2) the employer took adverse action against the employee soon after becoming aware of such activity." Strothers v. City of Laurel, Maryland, 895 F.3d 317, 335–36 (4th Cir. 2018) (internal citation omitted). The "temporal proximity must be very close." See Clark Cty. Sch. Dist.

v. Breeden, 532 U.S. 268, 273–74 (2001) (per curiam); King v. Rumsfeld, 328 F.3d 145, 151 n.5 (4th Cir. 2003) (finding two and a half months sufficiently long so as to weaken significantly an inference of causation, but enough to make a prima facie case where employment decisions would likely be made at the end of a school year); Williams v. Cerberonics, Inc., 871 F.2d 452, 454, 457 (4th Cir. 1989) (finding plaintiff proved prima facie causation where three and a half months elapsed between the protected activity and the adverse employment action). In cases where temporal proximity cannot establish causation, the court may look to the course of conduct between the parties for an inference of retaliatory animus. Lettieri v. Equant Inc., 478 F.3d 640, 650 (4th Cir. 2007); see Causey v. Balog, 162 F.3d 795, 803 (4th Cir.1998).

Plaintiff engaged in protected activity by filing his first charge of discrimination. (See Compl. ¶ 39; Second EEOC Charge (DE 11-1) at 3). Defendant did not renew plaintiff's contract, which constitutes an adverse employment action. (See Compl. ¶ 48). However, plaintiff fails to allege his first charge of discrimination was causally connected to termination of his contract. Almost nine months elapsed between plaintiff filing his first EEOC charge and defendant electing not to renew plaintiff's contract. (See First EEOC Charge (DE 9-2) at 1; Second EEOC Charge (DE 9-3) at 1). Moreover, plaintiff's own complaint makes clear that defendant's superintendent had already decided not to recommend renewal of plaintiff's administrator contract on July 10, 2017, two and a half months prior to plaintiff ever filing his first EEOC charge. (See Compl. ¶¶ 30, 48 (alleging that plaintiff's contract was not renewed for the same reasons he had previously been disciplined, which involved transactions predating his first EEOC charge); July 10, 2017 Letter (DE 1-7) at 2).

Plaintiff argues that the superintendent's statement in the July 10, 2017 letter "did not initiate any formal process for dismissal" and cannot negate his claim of a causal connection

because the letter "only alludes to the possibility of his contract not being renewed." (Pl. Resp. (DE 16) at 6). The court rejects this argument as unpersuasive. See Martin v. Montgomery Cty. Pub. Sch., 223 F. Supp. 2d 742, 744 (D. Md. 2002) ("The record is clear that plaintiff received poor performance evaluations before filing a charge of discrimination."). On April 28, 2018, the superintendent expressly identified the issues raised in the July 10, 2017, letter as the grounds for which plaintiff's contract would not be renewed. (Compl. ¶ 33; Apr. 28, 2018 Letter (DE 1-10) at 1–2). Where plaintiff's complaint thoroughly undermines his claim that a causal connection existed between his first charge of discrimination and the decision not to renew his contract, allowance of any further amendment would be futile. Therefore, plaintiff's residual Title VII retaliation claim is dismissed with prejudice for failure to state a claim.

    3.       Supplemental Jurisdiction

Where jurisdiction in this matter is based upon federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367, it is appropriate to consider whether continued exercise of jurisdiction over plaintiff's state law claims is warranted. See Arbaugh, 546 U.S. at 506. Pursuant to 28 U.S.C. § 1367(c)(3), this court has discretion to decline to exercise supplemental jurisdiction if the court "has dismissed all claims over which it has original jurisdiction." This statutory authorization grants the court the power to "dismiss the claim or, if it was removed, remand it to State court." Safar v. Tingle, 859 F.3d 241, 257 (4th Cir. 2017) (quoting Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 616 (4th Cir. 2001)). "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Plaintiff's claims under Title VII have been dismissed. Since no federal questions remain, the court declines to exercise supplemental jurisdiction over plaintiff's state law claims. Plaintiff may vindicate any rights he has under state law in state court.

**CONCLUSION**

Based on the foregoing, defendant's motion to dismiss (DE 9) is GRANTED. Plaintiff's Title VII claims for discrimination and retaliation are DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted. Plaintiff's negligent infliction of emotional distress, breach of contract, and loss of consortium claims are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The clerk is DIRECTED to close this case.

SO ORDERED, this the 26th day of November, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge